IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>WAYLAND GIBSON,<br><br>    Defendant.<br>                                          / | No. CR 11-00734 WHA<br><br>**ORDER ON SAN FRANCISCO POLICE DEPARTMENT'S MOTION TO QUASH/MODIFY SUBPOENA ISSUED BY DEFENDANT** |

        The San Francisco Police Department filed a motion to quash/modify a Rule 17 subpoena issued by defendant Wayland Gibson seeking the following: (1) SFPD's training manual regarding the collection of DNA evidence; (2) SFPD's training manual and regulations regarding the use of *Ramey* warrants; and (3) All SFPD reports, memoranda, and field notes relating to any encounters with Kenneth Brown . . . between June 26, 2010 and October 4, 2011."[1]

        To prevail on a motion to quash, the party that issued the subpoena must show that the information is relevant, admissible, specific, and not otherwise procurable reasonably in advance of trial by exercise of due diligence. *United States v. Nixon*, 418 U.S. 683, 699–700 (1974).

        For the reasons stated at the hearing on March 13, 2012, SFPD is ordered to produce SFPD's training manual regarding the collection of DNA evidence. SFPD, however, is not required to turn over documents responsive to defendant's request for SFPD's training manual and regulations regarding the use of *Ramey* warrants.

---

[*] SFPD calendared its motion with less than 14-days notice, which is required by Local Criminal Rule 47-2. Defendant has filed an opposition and requested therein that the motion be stricken as untimely filed. Given that there appears to be no prejudice to defendant, resulting from SFPD's failure to comply with our local rules, the motion will not be stricken. SFPD shall comply with all local rules in the future.

1   With regard to the information requested for Kenneth Brown, defendant's half brother,
2  SFPD, as a subpoena respondent, asserted Mr. Brown's right to privacy, claiming he would be
3  affected by disclosure of the information. Defense counsel argued that the requested materials are
4  evidentiary and relevant, as they relate to the officers' "*mens rea* regarding the collection of
5  evidence and regarding the pretextual nature of the in-home search" at issue in the motion to
6  suppress evidence obtained from the warrantless residential search and the motion to dismiss
7  (Opp. 4). The order agrees that the information is relevant to the pending motions. The privacy
8  concerns raised by SFPD regarding Mr. Brown will be diminished by requiring production of the
9  requested information pursuant to a protective order.

10   SFPD's motion to quash is **GRANTED IN PART, AND DENIED IN PART.** The following
11  materials shall be produced by **7:30 A.M. ON MARCH 27, 2012**: (1) SFPD's training manual
12  regarding the collection of DNA evidence and (2) All SFPD reports, memoranda, and field notes
13  relating to any encounters with Kenneth Brown . . . between June 26, 2010 and October 4, 2011.
14  The parties shall meet and confer and submit a joint proposed protective order to cover the
15  production of materials, not already subject to a protective order, by **5:00 P.M. TODAY**.

17   **IT IS SO ORDERED.**

19  Dated:  March 26, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE