IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WAYLAND GIBSON,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　　／ | No. CR 11-0734  WHA<br><br>**ORDER REGARDING<br>MOTIONS *IN LIMINE*** |

　　　　A pretrial conference was held on April 2, in advance of which a number of motions *in limine* were filed and responded to by the parties. This order memorializes the resolution of such motions as stated at the pretrial conference.

　　　　As an admonition pertaining to all evidentiary rulings, whenever a motion to exclude evidence is denied, that does not mean the evidence is admitted. It means only that it is not excluded on the grounds asserted in the pending motion.

**DEFENDANT'S MOTIONS *IN LIMINE***

**1.　That the government be precluded from presenting evidence regarding defendant's 2008 supervised release revocation and/or 2009 arrest for fleeing law enforcement.**

　　　　The government has stipulated to not use this evidence in its case-in-chief. If the government seeks to admit this evidence in some other manner, it must first obtain the permission of the Court. The motion is therefore granted.

**2.   That the government be precluded from entering into evidence statements resulting from defendant's May 20, 2011, arrest and interrogation**.

By order dated April 3, 2012, defendant's motion to suppress statements he made to the arresting officers after he was Mirandized was granted. So, too, this motion is granted to that extent.

**3.   That the government be precluded from entering into evidence statements of defendant obtained through telephone calls recorded during his pretrial incarceration.**

The government seeks to introduce in its case-in-chief various statements obtained through recordings of jail calls. This order addresses each portion of the jail call recordings the government seeks to introduce in turn.

**Call to Dominique Hyde, May 20, 2011 at 10:55 (first designation from this call).**

The motion to preclude the government from introducing the following portion of the recording in its case-in-chief is denied.

1:15-1:37 (time stamp on recording)

| | |
|---|---|
| Gibson: | Listen, you gotta bail me out. You gotta go call Bad Boy bail bondsmen and bail me out right now. Because they on some bullshit. Talking about coming back. Talking 'bout I need to take a DNA. He coming back tonight to get my DNA sample. And they can't, they gotta have a search warrant. But I need to get out of here. I don't even want to go through all of that. Just bail me out. I got the money, man. Just bail me out. |

However, if the government seeks to introduce the above-stated portion of the recording in its case-in-chief, it must also introduce the following, as is required by the rule of completeness:

:44-1:14

| | |
|---|---|
| Gibson: | Listen man, you remember that time they went up in my momma house and found that gun? |
| Hyde: | Yes. |
| Gibson: | It wasn't mine. They found that gun at 1681 Oakdale. |
| Hyde: | Is that the bottom part? |
| Gibson: | Yeah, you know they found that gun down there. That time. When they ran up in the house, and all that shit and did all that shit. They charged me with that. |
| Hyde: | How can they charge you? |
| Gibson: | They, they, I, I don't know man, they on some bullshit. The police came by here the other day. I told you mother fuckers on . . . |

2

**Call to Dominique Hyde, May 20, 2011 at 10:55 (second designation).**

The motion to preclude the government from introducing the following recording in its case-in-chief is denied. No additional portion of the recording need be entered.

2:47-3:04

Gibson: I need to get the fuck outta here like right now. You feel me? Before they come back with this bullshit. I ain't got time to be going through this shit with them. I'm gonna beat the case regardless. So it don't make a difference. I need to get the fuck out of here like right now though.

**Call to Dominique Hyde, May 20, 2011 at 10:55 (third designation).**

The motion to preclude the government from introducing the following recording in its case-in-chief is denied. No additional portion of the recording need be entered.

13:03-13:27

Gibson: I'm trying to get this shit done. Cuz I need to do this shit before they try to come back on this bullshit. Talking 'bout some DNA. I'm not giving you shit. You better have a search warrant. I'm gonna make their job hard as possible, and I'm still going to beat that shit, because that wasn't my shit. Dumb ass mother fuckers. I told them I live at 1679 Oakdale. You found the gun at 1681.

**Call to Kenneth Brown, May 20, 2011 at 10:26 (first designation from this call).**

The motion to preclude the government from introducing the following recording in its case-in-chief is denied. No additional portion of the recording need be entered.

7:02-7:19

Gibson: Before they take me upstairs, I gotta get bailed out, you feel me?

Brown: Yea.

Gibson: Before they dress me out. Cause these mother fuckers talkin' 'bout I'll be back tonight to get your DNA. I ain't giving them no DNA. I don't give a fuck about you mother fuckers. I don't owe you mother fuckers shit.

**Call to Kenneth Brown, May 20, 2011 at 10:26 (second designation).**

The motion to preclude the government from introducing the following recording in its case-in-chief is denied.

9:08-9:16

Gibson: It's either your gun or your brother's. I don't give a fuck what you talking about man. The fuck you talking about. My brother don't live there.

3

However, if the government seeks to introduce the above-stated portion of the recording in its case-in-chief, it must also introduce the following, as is required by the rule of completeness:

8:38-9:07

| | |
|---|---|
| Gibson: | Hey, you know what that's from, bro? |
| Brown: | What? |
| Gibson: | You know what that's from?  The other day when I was cussing they ass out, talking 'bout we found the gun down there, and I was like 'Why y'all ain't charged nobody with it?  Charge somebody with it then." |
| Brown: | Yeah. |
| Gibson: | Then the mother fuckers tried to come charge me with it.  Mother fucker, my ass is at 1679 Oakdale.  It's 1681 you found the gun in.  Oh we found some paperwork in here.  So what?  You found paperwork for everybody in here.  That's my momma house. |
| Brown: | Yeah. |
| Gibson: | Shit.  What the fuck you mean yo we found paperwork? |

**Call to Tonisha Coleman, November 4, 2011 at 19:28.**

The government seeks to introduce a portion of the recording of the jail house call wherein defendant references "that Scarface picture" as probative of the issue of possession, arguing it tends to prove that the defendant was living or at least storing items that belonged to him in the lower-unit room where the firearm was recovered. The photographs from the search scene show a Scarface poster hanging on the wall. In this portion of the jail call recording, defendant does not reference the Scarface poster observed in the lower unit, he only speaks about "that Scarface picture." The government's theory of relevance is attenuated. The motion to preclude is granted.

**Call to Tonisha Coleman, October 26, 2011 at 20:10.**

The government has indicated it may introduce a jail call between Tonisha Coleman, defendant's girlfriend, and defendant, in its case-in-chief. The designated portion of the recording of the jail call is a ten-second snippet wherein Ms. Coleman asserts that the gun found belonged to defendant. Should the government seek to introduce this recording in its case-in-chief, the government must request a hearing out of the presence of the jury, so it can be

4

determined what information Ms. Coleman knows first-hand.  The motion to preclude is granted to the extent stated herein.

**4.     That the government be precluded from entering into evidence text messages recovered from defendant's mobile phone**.

By order dated April 3, 2012, defendant's motion to suppress the contents of the two cell phones seized from the person of defendant on May 20, 2011, was granted.  For the reasons stated in that order, this motion is granted.

**5.     That the government be precluded from presenting any evidence concerning gangs.**

For purposes of explaining their résumé, officers may testify, if applicable, that they are a member of the Gang Task Force unit.  Officers may also state that an interview or meeting took place at the office of the Gang Task Force Unit.  Otherwise, officers may not make references to gangs.  To this extent, the motion is granted.

**6.     That the government be precluded from offering evidence regarding any law enforcement officer's prior knowledge of and/or interactions with defendant.**

For purposes of establishing identity for the residents, officers may testify to seeing defendant outside 1679 Oakdale Avenue.  The officers may testify to how many times they observed defendant outside this residence.  To this extent, the motion is denied.

**7.     That the government be precluded from presenting evidence of a ski mask and gloves recovered by the police.**

The government has stipulated to the exclusion of the evidence at issue in this motion.  The motion is therefore granted.

**8.     That the government be precluded from presenting testimony by Tonisha Coleman or at a minimum that the government be required to provide an offer of proof at the pretrial conference.**

Should the government seek to present testimony by Tonisha Coleman, the government must request a hearing out of the presence of the jury, so it can be determined what information Ms. Coleman knows first hand.  The motion is granted to the extent stated herein.

**9. That the government be precluded from introducing evidence not disclosed by the discovery cutoff.**

Should the government seek to introduce evidence not disclosed by the discovery cutoff date, it must raise the issue with the Court. Generally, such evidence will not be allowed, but a case-by-case determination will be made. To this extent, the motion is granted.

**10. That the government be precluded from introducing defendant's presentence report.**

The government has stipulated to exclude this evidence. The motion is granted.

**11. That the government be precluded from introducing evidence regarding alleged tips concerning the presence of a gun and/or ammunition at the residence on O\_\_\_\_ Avenue.**

The parties will prepare a stipulation of fact that will be read to the jury.

**12. That defendant be allowed to dress in civilian clothes for trial.**

For the reasons stated at the pretrial conference, the motion is granted.

### GOVERNMENT'S MOTIONS *IN LIMINE*

**1. The Court should require the defendant to make some showing of a good faith basis to allege another party is guilty of an offense.**

Defendant may point out that other people lived at 1679 Oakdale Avenue and had access to the residence. He may also point out that the police had access to Mr. Kenneth Brown's DNA but did not take it. It is hard to rule further without specific items of evidence teed up. This motion is denied as a blanket motion.

**2. The defendant's prior statements cannot be introduced by the defendant outside of his direct testimony.**

Defendant cannot introduce his own statements unless they are introduced under the rule of completeness. To this extent, the motion is granted.

**3. The defense may not make any reference to potential punishment.**

Defendant stipulated to not make any reference to potential punishment. The motion is granted.

**4. The Court should prohibit cross-examination of law enforcement officers regarding *Henthorn*-type disclosures.**

Prior to cross-examine on this issue, the defendant must first bring this issue to the attention of the Court. To this extent, the motion is granted.

**5.  The defense may not make any reference to the failure to collect a DNA sample from Kenneth Brown, Jr.**

The defendant will be permitted to reference the failure to collect a DNA sample from Kenneth Brown, Jr. The government will be able to respond to explain this failure. The motion is denied.

**6.  The Court should preclude any references to the unlawfulness of the June 26, 2010 search.**

By order dated April 3, 2012, the search of the residence was deemed lawful. Thus, the motion is granted.

**7.  The Court should order disclosure of the pretrial services office's report regarding the April 15, 2012, home visit to 1679 Oakdale.**

The Court reviewed the pretrial services' report at issue *in camera* at the pretrial conference. Mr. Richard Sarlette, from pretrial services, was ordered to provide defense counsel and the government with copies of the report, which is to be kept confidential. The pretrial services' report cannot be used on the issue of guilt. If any party wishes to use the pretrial services' report for some other purpose, that party must first raise the issue with the Court. To the extent stated herein, the motion is granted.

**IT IS SO ORDERED.**

Dated: April 5, 2012.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE