IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

WAYLAND GIBSON,

    Defendant.

No. CR 11-0734 WHA

**TENTATIVE ORDER RE SUPPRESSION OF EVIDENCE OBTAINED FROM DEFENDANT'S CELL PHONE**

       In this Form 12 proceeding, the government has charged defendant Wayland Gibson with committing a state crime (loitering for the purpose of pimping), failing to obtain a full-time job, and testing positive for cocaine. During the evidentiary hearing, the government presented evidence obtained from defendant's cell phone, which police seized when they arrested him on the pimping charge. In the weeks after the arrest, Sergeant Arlin Vanderbilt of the San Francisco Police Department contacted defendant's probation officer to inquire as to whether the probation department would search the phone pursuant to defendant's search condition. After much back and forth, probation declined. In response, Sergeant Vanderbilt obtained a search warrant and searched the phone himself. In total, the SFPD held defendant's phone for 55 days before obtaining a warrant, during which time defense counsel continuously requested that the phone be returned.

       At the evidentiary hearing, defense counsel objected to introduction of evidence obtained from defendant's phone, arguing that such evidence had been the fruit of an illegal seizure. If this were a normal criminal case, defense counsel might have a good argument. The

Supreme Court has clearly held that "a seizure reasonable at its inception . . . may become unreasonable as a result of its duration." *Segura v. United States*, 468 U.S. 796, 812 (1984). The point at which the duration of a seizure becomes unreasonable is fact specific and requires the consideration of several factors. *See United States v. Song Ja Cha*, 597 F.3d 995, 1000 (9th Cir. 2010). The facts in *United States v. Burgard*, 675 F.3d 1029 (7th Cir. 2012), were very similar to those in our case. There, police seized a suspect's cell phone incident to an arrest and held it for six days before obtaining a warrant to search its contents. In considering the length of the seizure, the defendant's insistence on the phone's return, the strength of the state's basis for the confiscation, and the police's diligence, *Burgard* concluded that, while a close call, "we cannot say that the six-day delay here was so long that the seizure was unreasonable." *Id*. at 1034. Here, as stated above, police seized defendant's phone for 55 days before obtaining a warrant.

    The instant issue, however, has arisen in a Form 12 proceeding. The Supreme Court has clearly held that the exclusionary rule does not apply in revocation proceedings, explaining that exclusion of evidence seized in violation of the Fourth Amendment from these hearings would severely disrupt their traditionally flexible nature without deterring police from conducting improper searches and seizures. *Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 363–65 (1998). Our court of appeals has affirmed that *Scott's* reasoning applies equally to suppression of evidence in federal supervised release proceedings. *United States v. Herbert*, 201 F.3d 1103, 1104 (9th Cir. 2000). Tentatively, this order finds these decisions to be dispositive of the issue and holds that the evidence obtained from defendant's cell phone can be considered in our Form 12 proceeding. If the parties disagree with this reasoning, they may submit a brief summarizing their argument, totaling five pages or less, by **NOON ON JANUARY 5, 2016.**

**IT IS SO ORDERED.**

Dated: December 23, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2